**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY C. TESLUK, et al.,<br><br>Defendants. | No. 2:20-CV-0930-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court are Defendant Tesluk's motion to dismiss, ECF No. 20, and the separate motion to dismiss by Defendants Chapnick and Lewis, ECF No. 28. Also pending before the Court is Defendant Chapnick and Lewis's request for judicial notice, ECF No. 29.

**I. PLAINTIFF'S ALLEGATIONS**

Defendants move to dismiss Plaintiff's fraud and punitive damages claims alleged against Defendant Tesluk, Plaintiff's negligence claims against Defendants Chapnick and Lewis, and Plaintiff's American with Disabilities Act (ADA) claim against Defendant Lewis. See ECF No. 20, pg. 1; see also ECF No. 28, pg. 1.

///

1

### A. Defendant Tesluk

Plaintiff alleges that Defendant Tesluk "willfully, knowingly and fraudulently, with intent to do harm, damaged Plaintiff's vision and right eye for, inter alia, monetary gain," that also resulted in a violation of Plaintiff's Eighth Amendment rights. See ECF No. 1, pg. 5. Plaintiff states that on December 21, 2015, "Plaintiff relied upon Tesluk's fraudulent or altered medical readings and misrepresentation that emergency surgery was needed, and elected unnecessary medications and surgeries to treat what Tesluk claimed to be open and closed angle glaucoma in both eyes, and nuclear cataracs [sic] in Plaintiff's left eye." Id.

On January 4, 2016, "Defendant callously and recklessly ignored Plaintiff's cries of pain and warnings that Tesluk's assistant had failed to completely flush a sticky substance from Plaintiff's right eye, disregarding the risks to Plaintiff's vision by continuing to operate on the right eye until Plaintiff's eye and vision were damaged." Id.

Following the surgery "Plaintiff's vision and right eye were damaged permanently, in order to ensure that Tesluk would continue to receive contract business for Plaintiff and/or was just callously indifferent to his pain/injury." Id. Plaintiff alleges that "Defendant breached his duty to use care, skill and knowledge that other ophthalmologists in his profession would exhibit while providing treatment and did so willfully, proximately causing damage (short term extreme and long term permanent) to Plaintiff's distance vision and right eye." Id. at 6.

### B. Defendant Chapnick

Plaintiff alleges that "Defendant Chapnick did fail to protect/intervene in Constitutionaly [sic] inadequate medical care in violation of the 8th Amendment. As Chief Medical Officer at DVI [Deuel Vocational Institution], Defendant Chapnick had authority and opportunity to correct Constitutional violations" inflicted by Defendant Tesluk and Defendant Nguyen (there is nothing on the docket indicating Defendant Nguyen has been served). Id. at 10; see also ECF No. 27. Plaintiff states that the opportunity to correct the violations was "by, inter alia, providing requested relief during the appeals process." ECF No. 1, pg. 10.

///
///

1        Plaintiff also alleges that Chapnick "determined that reading glasses were effective
2   remedy for requested distance prescription eyewear, adding to the delay/interference in treatment
3   once prescribed, created by Defendant Nguyen." Id. (errors in original).
4        Further, on or around May 17, 2016, "Chapnick improperly affirmed his own 1st
5   level decision at the 2nd level by restating the issues which he elected to address, and adding that
6   Plaintiff had been scheduled for ophthalmology treatment from a different ophthalmologist." Id.
7   Plaintiff adds, "Chapnick's callous disregard to provide treatment (effective eyewear) once
8   prescribed, and associated risks of permanent damage to Plaintiff's vision resulted in (appx) 3 and
9   a half year delay in receipt of effective eyewear and failure/refusal to provide relief of
10  causation/duration resulted in permant [sic] damage to Plaintiff's vision." Id. (errors in original).
11       Plaintiff concludes stating, "Chapnick negligently performed his duties as Chief
12  Medical Officer at DVI and decisionmaker . . . by affirming/participating in his lower level
13  decision at a higher level in violation of Cal. Code Regs., Title 15 . . . ." Id. at 11. Chapnick
14  "also negligently breached his duty owed to Plaintiff and as required within the scope of his
15  employment to oversee and correct negligent, unlawful or unconstitutional behavior or
16  performance of duties by Defendants Tesluk and Nguyen." Id.
17              C. Defendant Lewis
18       Plaintiff alleges that Defendant Lewis failed to "protect/intervene in
19  Constitutionally inadequate medical care" in the above claims. Id. at 12. Plaintiff alleges that on
20  or around August 18, 2016, "an unknown staff member employed for Inmate Correspondence and
21  Appeals Branch . . . on behalf of J. Lewis, Deputy Director of Policy Regulation and Management
22  Services . . . failed to intervene/protect Plaintiff . . . ." Id. Plaintiff states that Lewis "had
23  authority and opportunity to correct unconstitutional behavior." Id.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1             D. Americans with Disabilities Act Claim

2             Plaintiff alleges that he was discriminated against in violation of the ADA by "Defendant Secretary for CDCR." Id. at 13. There is no mention of any of the moving Defendants in this claim save for the following: "All claims . . . related to this issue were exhausted on behalf of the Secretary for CDCR by Defendants J. Lewis and Doe 1 on 8-18-16." Id.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

1   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

2   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

3   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

4   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

5   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

6         In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

7   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

8   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

9   documents whose contents are alleged in or attached to the complaint and whose authenticity no

10  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

11  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

12  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

13  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

14  1994).

15        Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

16  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

17  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

18

19                        **III. DISCUSSION**

20        Defendant Tesluk moves to dismiss for (1) failure to meet the heightened pleading

21  requirements of Rule 9(b); (2) failure to comply with California statutory requirements for a

22  punitive damages claim; and (3) in the alternative, failure to allege sufficient facts to support a

23  claim for punitive damages.  See ECF No. 20-1, pg. 3, 5, 7.  Defendants Chapnick and Lewis

24  move to dismiss (1) Plaintiff's negligence claims as the claims are time barred under the

25  California Tort Claims Act; and (2) Plaintiff's ADA claim for failure to state a claim as against

26  Defendant Lewis.  See ECF No. 28, pg. 1.

27  / / /

28  / / /

A. Defendant Tesluk

1. Fraud

Rule 9(b) of the Federal Rules of Civil Procedure states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "[T]he party must set forth in detail 'the who, what, when, where, and how' of the alleged fraudulent conduct." Scalia v. Cty. of Kern, 308 F. Supp. 3d 1064, 1071 (E.D. Cal. 2018) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Additionally, "the complaint must specifically include 'an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Wilhite v. City of Bakersfield, 2012 WL 273088, at *19 (E.D. Cal. Jan. 30, 2012) (citing Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."'" Vess, 317 F.3d at 1106 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993))).

The elements of fraud under California law are: (1) Misrepresentation (false representation, concealment or nondisclosure); (2) Knowledge of falsity ("scienter"); (3) Intent to defraud, i.e., to induce reliance; (4) Justifiable reliance; and (5) Resulting damage. See Barrier Specialty Roofing & Coatings, Inc. v. IDI Paints North America, Inc., 2008 WL 1994947, at *10 (E.D. Cal. May 6, 2008) (citing City Solutions, Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 839 (9th Cir. 2004)).

Plaintiff alleges that Defendant Tesluk intended to damage Plaintiff's vision for monetary gain on December 21, 2015, and January 4, 2016, at the Modesto Eye Surgery Clinic by misrepresenting to Plaintiff "that surgery was needed" or "he could loose [sic] his vision." ECF No. 1, pgs. 5, 6. Plaintiff relied on the misrepresentation, and the misrepresentation was followed by Defendant Tesluk electing unnecessary medications and surgeries to treat Plaintiff. See id. at

6

5. Tesluk's misrepresentations and treatment results in more contract encounters with Plaintiff through CDCR, thereby benefitting Tesluk monetarily from the misrepresentation. See id. at 6. Plaintiff further alleges that "[t]he various medications prescribed by Tesluk were latter [sic] determined to be unnecessary treatment by an independent opthalomogist [sic]." Id. at 7. The medications Tesluk provided made Plaintiff's vision worse. See id. After Plaintiff stopped taking the medications, Plaintiff suffered less problems with his vision. See id.

Plaintiff has met the heightened pleading requirement. Plaintiff's complaint demonstrates the following: (1) Defendant Tesluk misrepresented to Plaintiff that he needed medications and surgery; (2) Defendant Tesluk knew that the treatment was not necessary and harmful; (3) Defendant Tesluk induced Plaintiff to rely on the misrepresentation; (4) the reliance appears justified being that Plaintiff is Defendant Tesluk's patient; and (5) the treatment resulted in damage to Plaintiff's vision.

Defendant Tesluk argues that Plaintiff "makes no effort to allege specific misrepresentations, what was said or wrote, to whom they spoke, and when . . . ." ECF No. 20-1, pg. 5. However, it appears clear that Plaintiff alleges that on December 21, 2015, Defendant Tasluk communicated to Plaintiff that "surgery was needed" and that "if Plaintiff did not receive immediate eye surgery he could loose [sic] his vision." ECF No. 1, pgs. 5, 6. Plaintiff's complaint gives Defendant Tasluk adequate notice of the alleged misconduct to defend against the charge of fraud. Defendant Tasluk's motion is denied as to Plaintiff's claim of fraud.

2. California Code of Civil Procedure section 425.13

Defendant Tesluk argues that "by alleging a claim for punitive damages in his prayer for relief, without first seeking a court order pursuant to the provisions of [section 425.13], plaintiff's punitive damages claim should be dismissed against [Defendant Tesluk]." ECF No. 20-1, pg. 5.

Section 425.13 of the California Code of Civil Procedure provides, "[i]n any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." Cal.

7

Civ. Proc. Code § 425.13(a).

"Federal district courts have divided on whether § 425.13 applies in federal court." Est. of Prasad ex rel. Prasad v. Cty. of Sutter, 958 F. Supp. 2d 1101, 1119 (E.D. Cal. 2013) (collecting authority). "The Ninth Circuit has not considered the question. After reviewing the persuasive authority on each side of this divide, this Court has previously concluded that section 425.13 conflicts with Federal Rule of Civil Procedure 8(a)(3) and has thus decided that section 425.13 is not applicable in federal court." Mollica v. Cty. of Sacramento, 2021 WL 2853863, at *5 (E.D. Cal. July 8, 2021) (citing Padilla v. Beard, No. 14-01118, 2014 WL 6059218, at *10-11 (E.D. Cal. Nov. 12, 2014)). Just as in the ruling in Mollica less than a year ago, the Court declines to revisit the issue at this time. Defendant Tesluk's motion is denied as to the issue concerning section 425.13 of the California Code of Civil Procedure.

### 3. Factual Support for Punitive Damages Claim

"To obtain punitive damages pursuant to California Civil Code § 3294, a plaintiff must show [] 'that the defendant has been guilty of oppression, fraud, or malice.'" Poland v. Liberty Mut. Fire Ins. Co., 2013 WL 2475838, at *3 (E.D. Cal. June 7, 2013) (quoting Cal. Civ. Code § 3294). Section 3294 defines "Malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294. Section 3294 defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. Section 3294 defines "fraud" as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Id.

The Undersigned finds that there is sufficient factual support for punitive damages. As discussed above, the Undersigned finds that Plaintiff does state a cognizable fraud claim. Plaintiff alleges that Defendant Tesluk intended to damage Plaintiff's vision for monetary gain by misrepresenting to Plaintiff "that surgery was needed" or "he could loose [sic] his vision." ECF No. 1, pgs. 5, 6. Tesluk's misrepresentations and treatment results in more contract encounters

1   with Plaintiff through CDCR, thereby benefitting Tesluk monetarily from the misrepresentation.
2   See id. at 6. Plaintiff further alleges that "[t]he various medications prescribed by Tesluk were
3   latter [sic] determined to be unnecessary treatment by an independent opthalomogist [sic]." Id. at
4   7. The medications Tesluk provided made Plaintiff's vision worse. See id. After Plaintiff
5   stopped taking the medications, Plaintiff suffered less problems with his vision. See id.

6         The intentional misrepresentation alleged by Plaintiff resulting in harm to Plaintiff
7   is sufficient to support a claim for punitive damages. Defendant Tesluk's motion is denied as to
8   Plaintiff's punitive damages claim.

9         B. Defendants Chapnick and Lewis

10        Defendants Chapnick and Lewis move to dismiss (1) Plaintiff's negligence claims
11  as the claims are time barred under the California Tort Claims Act; and (2) Plaintiff's ADA claim
12  for failure to state a claim as against Defendant Lewis. See ECF No. 28, pg. 1. In support of
13  their motion to dismiss, Defendants submitted a request for judicial notice the contents of which
14  concern the statute of limitations issue.

15        1. Judicial Notice and Statute of Limitations
16        a. Judicial Notice

17        The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of
18  matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
19  Thus, this Court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
20  of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
21  378 F.2d 906, 909 (9th Cir. 1967). Judicial notice by a court is mandatory if requested by a party
22  and if the court is "supplied with the necessary information." Fed. R. Evid. 201(c)(2). "The court
23  may judicially notice a fact that is not subject to reasonable dispute because it . . . can be
24  accurately and readily determined from sources whose accuracy cannot reasonably be
25  questioned." Fed. R. Evid. 201(b)(2).
26  ///
27  ///
28  ///

The Court takes judicial notice of Plaintiff's Government Claims Form, Claim No. 631845, filed on May 17, 2016, and the June 13, 2016, Written Notice of Rejection of Claim from the California Victim Compensation and Government Claims Board for Claim No. 631845. These forms are not subject to reasonable dispute as they are public records that can be accurately and readily determined.

### b. Statute of Limitations

"California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Claims Board no more than six months after the cause of action accrues." Carlson v. Hansen, 2014 WL 3362215, at *2 (E.D. Cal. July 8, 2014) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). An action against a governmental entity or employee covered by the claims-presentation requirement must be filed within six months following written notice of rejection of the claim. See Cal. Gov't Code § 945.6(a)(1).

"However, California law also provides for equitable tolling during pursuit of administrative remedies. Equitable tolling 'applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" Carlson, 2014 WL 3362215, at *2 (citing McDonald v. Antelope Valley Community College Dist., 194 P.3d 1026, 1031 (Cal. 2008)). "[P]ursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff." Carlson, 2014 WL 3362215, at *2 (citations omitted).

In Carlson, a state prisoner proceeding pro se filed a civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2010. See id. at *1. Defendants moved to dismiss plaintiff's state law claims as barred by the six-month statute of limitations set forth in California's Government Claims Act. See id. Plaintiff submitted a claim with the Victim Compensation and Government Claims Board that was rejected on April 16, 2009. See id. Defendants argued that because plaintiff filed suit on April 30, 2010, plaintiff was barred by the six-month statute of limitations period that began on April 16, 2009. See id. Plaintiff argued that he was entitled to equitable tolling during the period in which he was pursuing administrative remedies via the prison's inmate appeals process, and that once that process was exhausted on January 4, 2010, plaintiff

1 timely filed suit within the six-month period.  See id.  The Eastern District of California held:

> Plaintiff filed suit on April 30, 2010, which is fewer than six months after he exhausted the prison's inmate appeal process.  Given the availability of equitable tolling during administrative exhaustion, Defendants are not entitled to dismissal of Plaintiff's state law claims on the ground that he failed to file suit within six months of the date his claim was rejected by the Claims Board.

See id. at *3.

Carlson demonstrates that the deadline to file suit for a negligence claim after the claim has been rejected by the Claims Board is six months after exhausting administrative remedies.  See generally id.

Here, Plaintiff's claim was rejected on June 13, 2016.  See ECF No. 29, pg. 1.  Plaintiff states in his opposition that his administrative remedies were exhausted in August of 2016.  See ECF No. 38, pg. 3 (citing ECF No. 1, pg. 12).  Therefore, Plaintiff must have filed this action before March of 2017 to be within the statute of limitations period.  However, Plaintiff states that he did not file suit against Chapnick and Lewis until January 2, 2019.  See ECF No. 38, pg. 3.  Because Plaintiff filed suit well outside of the limitations period, Plaintiff's state law claims of negligence against Defendants Chapnick and Lewis should be dismissed with prejudice.

### 2. ADA

Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The ADA applies in the context of correctional facilities, and prohibits disabled inmates from being excluded from participation in inmate services, programs, or activities, including medical programs.  See Pierce v. Cty. of Orange, 526 F.3d 1190, 1214 (9th Cir. 2008).  To establish a violation of Title II of the ADA, a plaintiff must show the following:  (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability.  See Lovell, 303 F.3d at 1052.

///

///

1    Here, it is not clear to the Undersigned that Plaintiff is suing Defendant Lewis in
2 Plaintiff's ADA claim.  What is clear is that for this ADA claim Plaintiff is suing the "Secretary
3 for CDCR" who has not been served and is not a part of this motion.  Defendant Lewis is only
4 mentioned once in Plaintiff's ADA claim.  See ECF No. 1, pg. 13.  Plaintiff states, "All claims []
5 related to this issue were exhausted on behalf of the Secretary for CDCR by Defendants J. Lewis
6 and Defendant Doe 1 on 8-18-16."  Id.  Plaintiff does not allege Defendant Lewis discriminated
7 against Plaintiff because of his disability.  In fact, Plaintiff does not allege Defendant Lewis did
8 anything except exhaust Plaintiff's administrative remedies.  Therefore, the Undersigned
9 recommends that Defendants' motion to dismiss be granted as to Plaintiff's ADA claim against
10 Defendant Lewis.  Plaintiff shall be given an opportunity to amend his ADA claim against
11 Defendant Lewis.
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

Based on the foregoing, the Undersigned recommends that:

      1.    Defendant Tesluk's motion to dismiss, ECF No. 20, be denied;

      2.    Defendant Chapnick and Defendant Lewis's request for judicial notice, ECF No. 29, be granted;

      3.    Defendant Chapnick and Defendant Lewis's motion to dismiss, ECF No. 28, be granted;

      4.    Plaintiff's negligence claims be dismissed with prejudice; and

      5.    Plaintiff be given an opportunity to amend as to Plaintiff's remaining claim under the ADA against Defendant Lewis.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2022

                                        DENNIS M. COTA
                                        UNITED STATES MAGISTRATE JUDGE