UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>GREGORY C. TESLUK, et al.,<br><br>　　　　　　Defendants. | No.  2:20-cv-00930-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 20, 28, 29, 51, 60) |

　　　　Plaintiff Francois P. Givens is a former state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 14, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendant Tesluk's motion to dismiss certain claims (Doc. No. 20) be denied and that the motion to dismiss certain claims and request for judicial notice filed by defendants Chapnick and Lewis (Doc. Nos. 28, 29) be granted.  (Doc. No. 51.)  In particular, the magistrate judge found that the allegations in plaintiff's complaint were sufficient to state claims against defendant Tesluk for fraud and punitive damages.  (*Id.* at 6–9.)  The magistrate judge rejected defendant Tesluk's argument that plaintiff had failed to meet the heightened pleading requirement for fraud claims and also rejected Tesluk's argument that plaintiff's claim for punitive damages must be dismissed because he did not first obtain court approval before seeking

1

punitive damages as required by California Code of Civil Procedure § 425.13—a state procedural rule that the magistrate judge explained does not apply in this federal court action. (*Id.* at 6–9.) As for the motion to dismiss certain claims against defendants Chapnick and Lewis, the magistrate judge recommended that the request for judicial notice of plaintiff's government claims forms be granted and that plaintiff's negligence claims be dismissed with prejudice because those claims are barred by the applicable six-month statute of limitations set forth in California's Government Claims Act. (*Id.* at 9–11.) The magistrate judge also recommended that plaintiff's claim brought under the Americans with Disabilities Act ("ADA") be dismissed, with leave to amend, because plaintiff's complaint did not specify which defendant plaintiff alleges violated the ADA. (*Id.* at 11–12.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 13.) On June 17, 2022, defendant Tesluk filed objections to the findings and recommendations, and plaintiff filed a response to those objections on July 8, 2022. (Doc. Nos. 52, 55.) Plaintiff filed objections to the findings and recommendations on July 13, 2022 and a request for judicial notice of four district court decisions on July 22, 2022. (Doc. Nos. 56, 60.) On August 8, 2022, defendants Chapnick and Lewis filed a response to plaintiff's objections and opposition to the request for judicial notice, and plaintiff filed a reply thereto on August 18, 2022. (Doc. Nos. 61, 62.)

Beginning with defendant Tesluk's objections (Doc. No. 52), in which defendant Tesluk merely repeats the arguments that he had presented in his motion to dismiss, the undersigned agrees with the magistrate judge's conclusion that plaintiff's complaint sufficiently alleges his fraud and punitive damages claim. In addition, the undersigned agrees with the analysis set forth in the findings and recommendations, which acknowledged that "[f]ederal district courts have divided on whether § 425.13 applies in federal court," and explained that "[a]fter reviewing the persuasive authority on each side of this divide, this Court has previously concluded that § 425.13 conflicts with Federal Rule of Civil Procedure 8(a)(3) and has thus decided that section 425.13 is not applicable in federal court." (Doc. No. 51 at 7–8) (citing cases). Accordingly, defendant Tesluk's objections do not provide any basis upon which to reject the pending findings and

1 recommendations recommending that his motion to dismiss be denied.

2 As for plaintiff's objections and request for judicial notice, plaintiff first argues that courts provide an additional two years to the six-month limitations period set forth in California's Government Claims Act, and that his negligence claims should therefore be considered timely filed. (Doc. No. 56 at 3–4.)[1] However, as defendants Chapnick and Lewis note in their response to plaintiff's objections, even if the court were to apply two additional years on top of the six-month period, plaintiff would have needed to file his claims by December 13, 2018 because the state Claims Board rejected his tort claim on June 13, 2016. (Doc. No. 61 at 3.) Instead, plaintiff did not file the complaint initiating this action until May 6, 2020. (Doc. No. 1.) In his reply, plaintiff asks the court to review the docket in a different civil action that he filed, *Givens v. Palagummi et al.*, 2:19-cv-00017-DAD-KJN (E.D. Cal. Jan. 2, 2019), in which plaintiff alleged claims against defendants Chapnick and Tesluk, to see if application of the mailbox rule would show that plaintiff had actually filed the complaint in before December 13, 2018. (Doc. No. 62 at 2.) However, even assuming that the filing of the complaint in *Givens v. Palagummi* could be applied to save plaintiff's claims brought in this action from being time barred, the complaint in that action was signed by plaintiff on December 25, 2018. *See Givens v. Palagummi et al.*, 2:19-cv-00017-DAD-KJN, Doc. No. 1 at 62 (E.D. Cal. Jan. 2, 2019). Accordingly, plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations recommending that his negligence claims brought against defendants Chapnick and Lewis be dismissed with prejudice as time barred.

Plaintiff also objects to the findings and recommendations as to his ADA claim, arguing that his allegations are sufficient to state an ADA claim against defendant Lewis, but he nonetheless requests that the court grant him leave to file an amended complaint and clarify his ADA claim. (Doc. No. 56 at 7.) Because the findings and recommendations recommend that plaintiff's ADA claim be dismissed with leave to amend, plaintiff's objection in this regard do not present a basis to reject the findings and recommendations.

---

[1] Plaintiff's request for judicial notice of four district court decisions (Doc. No. 60) is granted.

3

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including the parties' respective objections and responses, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 14, 2022 (Doc. No. 51) are adopted in full;

2. Defendant Tesluk's motion to dismiss (Doc. No. 20) is denied;

3. The request for judicial notice filed by defendants Chapnick and Lewis (Doc. No. 29) is granted;

4. The motion to dismiss filed by defendants Chapnick and Lewis (Doc. No. 28) is granted;

    a. Plaintiff's negligence claims are dismissed with prejudice;

    b. Plaintiff's ADA claim against defendant Lewis is dismissed, with leave to amend;

5. Plaintiff's request for judicial notice (Doc. No. 60) is granted;

6. Within thirty (30) days from the date of this order, plaintiff may file a first amended complaint;

7. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **January 30, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE