1
2
3
4
5
6
7
8                        **IN THE UNITED STATES DISTRICT COURT**

9                      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    FRANCOIS P. GIVENS,                          No. 2:20-CV-0930-DJC-DMC-P

12                      Plaintiff,

13           v.                                     FINDINGS AND RECOMMENDATIONS

14    GREGORY C. TESLUK, et al.,

15                      Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C.

18    § 1983.  Pending before the Court is the motion to dismiss filed by Defendants Chapnick and

19    Lewis, ECF No. 69.[1]  Also pending before the Court is Plaintiff's opposition to the motion to

20    dismiss, ECF No. 74, and Defendants' reply in support of the motion to dismiss, ECF No. 76.

21              In considering a motion to dismiss, the Court must accept all allegations of

22    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

23    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

24    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

25    738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

26    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

27    _____

28           [1]      Defendant Tesluk has filed an answer to Plaintiff's complaint.  Defendant Nguyen
      has not been served.

1    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

2    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

3    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

5            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

6    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

7    notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

8    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

9    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

10   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11   allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

12   complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at

13   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

14   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

15   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

16   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

17   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

18   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

19   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

20           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

21   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

22   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

23   documents whose contents are alleged in or attached to the complaint and whose authenticity no

24   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

25   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

26   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

27   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

28   1994).

2

1    Furthermore, leave to amend must be granted "[u]nless it is absolutely clear that

2    no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)

3    (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4    Finally, "the Supreme Court has instructed the federal courts to liberally construe

5    the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's

6    complaint] however inartfully pleaded are held to less stringent standards than formal pleadings

7    drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and

8    internal quotation marks omitted; brackets in original). The rule, however, "applies only to a

9    plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A]

10   liberal interpretation of a civil rights complaint may not supply essential elements of the claim

11   that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th

12   Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13

14                                **I. BACKGROUND**

15        A.      **Plaintiff's Allegations**

16   This action proceeds on Plaintiff's first amendment complaint (FAC). See ECF

17   No. 66.  Plaintiff names the following as defendants: (1) Office of the Secretary – California

18   Department of Corrections and Rehabilitation (CDCR); (2) Dr. Gregory C. Tesluk,[2] an employee

19   at Modesto Eye Surgery Clinic; (3) Dr. Phoebe Nguyen, an optometrist at Deuel Vocational

20   Institution (DVI); (4) Dr. Robert Chapnick, Chief Medical Executive at DVI; (5) J. Lewis,

21   Deputy Director of Policy and Risk Management Services (PRMS) at California Correctional

22   Health Care Services (CCHCS); and (6) Doe Defendant 1, an employee at PRMS.

23   Plaintiff alleges that "Defendant Chapnick did fail to protect/intervene in

24   Constitutionaly [sic] inadequate medical care in violation of the 8th Amendment.  As Chief

25   Medical Officer at DVI [Deuel Vocational Institution], Defendant Chapnick had authority and

26   opportunity to correct Constitutional violations."  ECF No. 66, pg. 9.

27   

28   _____

[2]      Plaintiff erroneously referred to Dr. Tesluk as "Tesulk" in his first amended complaint.  See ECF No. 66, pg. 1.

3

Plaintiff also alleges that Chapnick "determined that reading glasses were effective remedy for requested distance prescription eyewear, adding to the delay/interference in treatment once prescribed, . . ." Id. (errors in original).

Further, on or around May 17, 2016, "Chapnick improperly affirmed his own 1st level decision at the 2nd level by restating the issues which he elected to address, and adding that Plaintiff had been scheduled for ophthalmology treatment from a different ophthalmologist." Id. Plaintiff adds, "Chapnick's callous disregard to provide treatment (effective eyewear) once prescribed, and associated risks of permanent damage to Plaintiff's vision resulted in (appx) 3 and a half year delay in receipt of effective eyewear and failure/refusal to provide relief of causation/duration resulted in permant [sic] damage to Plaintiff's vision." Id. (errors in original).

Plaintiff concludes stating, "Chapnick negligently performed his duties as Chief Medical Officer at DVI and decisionmaker . . . by affirming/participating in his lower level decision at a higher level in violation of Cal. Code Regs., Title 15 . . . ." Id. at 10.  Chapnick "also negligently breached his duty owed to Plaintiff and as required within the scope of his employment to oversee and correct negligent, unlawful or unconstitutional behavior or performance of duties by Defendants Tesluk and Nguyen." Id.

Plaintiff alleges that Defendant Lewis failed to "protect/intervene in Constitutionally inadequate medical care" in the above claim.  Id. at 11.  Plaintiff alleges that on or around August 18, 2016, "an unknown staff member employed for Inmate Correspondence and Appeals Branch . . . on behalf of J. Lewis, Deputy Director of Policy Regulation and Management Services . . . failed to intervene/protect Plaintiff . . . ." Id.  Plaintiff states that Lewis "had authority and opportunity to correct unconstitutional behavior." Id.

Plaintiff also alleges that he was discriminated against in violation of the Americans with Disabilities Act (ADA) by "Defendant Office of the Secretary for CDCR." Id. at 12.  Plaintiff claims that Defendant has deprived Plaintiff of the benefits of the public entity's programs and services in violation of 42 USC § 12132 by: (1) intentionally and maliciously damaging Plaintiff's vision for gain, adversely affecting major life activity of seeing . . .; (2) intentionally and recklessly depriving Plaintiff of reasonable accommodation(s) . . . This

4

1   adversely affected Plaintiff's ability to reasonably participate in recreational games and activities,

2   vocational rehabilitation training and other learning activities; and (3) intentionally with

3   deliberate indifference refusing to provide reasonable accommodation(s) by affirming inadequate

4   medical care and accommodation of unusable and unacceptable distance eyewear through appeals

5   process.  See id.  Plaintiff asserts that "[t]hese actions also caused difficulty with Plaintiff's ability

6   to sleep due to damage caused by eye surgery."  Id.  He further states that "[a]ll claims associated

7   with this issue . . .  were exhausted on behalf of the Secretary by Defendants J. Lewis and

8   Defendant Doe 1 on 8-19-16."  Id. (errors in original).

9        **B.**   **Procedural History**

10        Plaintiff submitted his original complaint on May 6, 2020.  See ECF No. 1.

11   Defendants Lewis and Chapnick filed their motion to dismiss the original complaint on

12   November 29, 2021.  See ECF No. 28.  The Court recommended that Defendants' motion to

13   dismiss be granted with prejudice as to Plaintiff's negligence claims.  See ECF No. 51.  The

14   Courte also recommended that Plaintiff be given an opportunity to amend his remaining ADA

15   claim as against Defendant Lewis.  Id.  The District Judge adopted Magistrate Judge Dennis M.

16   Cota's findings and recommendations in full on January 30, 2022.  See ECF No. 64.

17        Plaintiff's FAC was submitted on February 27, 2023.  See ECF No. 66.

18   Defendant's Chapnick and Lewis filed their motion to dismiss on March 14, 2023.  See ECF No.

19   69.  Defendant Tesluk filed an answer on March 14 ,2023.  See ECF No. 68.

20

21        **II. DISCUSSION**

22        Defendants Chapnick and Lewis move to dismiss portions of the FAC arguing:

23   (1) Plaintiff's negligence claims, which were previously dismissed with prejudice, should be

24   dismissed from the FAC; and (2) Plaintiff's ADA claim is now directed to a new defendant and

25   fails to amend to cure the defects in the original complaint to state a claim against Defendant

26   Lewis.  See ECF No. 69, pgs. 6-7.  As with their prior motion to dismiss, Defendants Chapnick

27   and Lewis do not challenge the sufficiency of Plaintiff's Eighth Amendment claim.

28   / / /

### A.   Negligence Claims

Defendants argue that because Plaintiff's negligence claims against Defendants were dismissed with prejudice, the identical claims in Plaintiff's FAC should be dismissed with prejudice.  See id. at 6.  Plaintiff admits that he "rushed the preparation of the FAC and inadvertently photocopied state negligence claims against Defendants Chapnick and Lewis." EFC No. 74, pg. 5.  The Court will not review claims that it has previously dismissed with prejudice.  Thus, and consistent with Plaintiff's admission that the negligence claims should not have been included, the Court finds that Plaintiff's negligence claims against Defendants Chapnick and Lewis should be dismissed from the FAC with prejudice.

### B.   ADA Claim

Regarding Plaintiff's ADA claim, Defendants raise two arguments.  First, while the original complaint directed this claim against Defendant Lewis, Plaintiff now directs this claim to a new defendant, Office of the Secretary – CDCR.  Defendants argue that Plaintiff was not granted leave to amend to add a new defendant.  Rather, Plaintiff was granted leave to amend his ADA claim as against Defendant Lewis.  Second, Defendants argue that, on the merits, Plaintiff has failed to plead sufficient facts to establish a claim under the ADA.  For these reasons, Defendants contend the ADA claim should be dismissed from the action with prejudice.

#### 1.   Additional Defendant

Defendants argue that Plaintiff's FAC does not amend Plaintiff's ADA claim as against Defendant Lewis, but instead adds a new defendant for his claim, namely, the Secretary of CDCR.  See ECF No. 69, pg. 6.  As Defendants correctly note, the Secretary was not previously identified as an appropriate defendant, and Plaintiff has not sought, nor has he been granted leave to name a new defendant.  Id.; see ECF No. 51, pg. 12.  Plaintiff admits to amending his ADA claim to add the new defendant rather than amending his claim against Defendant Lewis, noting, "[i]t was always Plaintiffs intention to sue the Secretary of CDCR for his ADA claims . . . ." ECF No 74, pg. 7.  Defendants argue that because "[p]laintiff was not given leave to amend his ADA claim to include defendants not previously included, his ADA claim . . . should be stricken." ECF No. 69, pg. 6; see Fed. R. Civ. P. 12.

1    The Court finds Defendants' arguments partially persuasive.  In its fully-adopted

2  findings and recommendations regarding Defendants' initial motions to dismiss, the Court

3  recommended that Plaintiff "be given an opportunity to amend his ADA claim against Defendant

4  Lewis."  ECF No. 51, pg. 12.  As the Court only granted Plaintiff leave to amend his ADA claim

5  as to Defendant Lewis and Plaintiff failed to do so, by his own admission, the Court finds

6  Defendants' argument well-taken.  If Plaintiff wishes to add a new defendant with respect to his

7  ADA claim, Plaintiff must seek leave of court or stipulation from Defendants to do so.  See Fed.

8  R. Civ. P. 1515(a)(2).

9                    2.    Merits

10    Defendants also argue that Plaintiff's ADA claim as against Lewis should be

11  dismissed because Plaintiff does not allege discrimination or a denial of his benefits because of

12  his alleged disability.  See ECF No. 69, pg. 7.  Defendants cite Simmons v. Navajo Cnty., Ariz.

13  for the proposition that, "[t]o state a claim under Title II of the ADA, the plaintiff must allege: (1)

14  he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the

15  benefit of some public entity's services, programs, or activities; (3) he was either excluded from

16  participation in or denied the benefits of the public entity's services, programs, or activities, or

17  was otherwise discriminated against by the public entity; and (4) such exclusion, denial of

18  benefits, or discrimination was by reason of [his] disability."  Simmons v. Navajo Cnty., Ariz.,

19  609 F.3d 1011, 1021 (9th Cir. 2010) (citing McGary v. City of Portland, 386 F.3d 1259, 1265

20  (9th Cir.2004) (internal quotation marks omitted)).

21    The Court agrees.  As with the original complaint, and as the Court noted in ruling

22  on the prior motions to dismiss, Plaintiff does not allege sufficient facts to demonstrate Defendant

23  Lewis excluded Plaintiff, discriminated against him, or denied him benefits because of his

24  disability.  See ECF No. 66.  Furthermore, Plaintiff admits that his ADA claim is not alleged

25  against Defendant Lewis.  See ECF No. 74.  Thus, Plaintiff does not allege any facts sufficient to

26  sustain his ADA claim against Defendant Lewis.

27  / / /

28  / / /

7

**III. CONCLUSION**

Based on the foregoing, the undersigned recommends that:

       1.      Defendants' motion to dismiss, ECF No. 51, be GRANTED;

       2.      Plaintiff's negligence claims be dismissed with prejudice; and

       3.      Plaintiff's ADA claim against Defendant Lewis be dismissed with prejudice.

       4.      This action proceed on Plaintiff's FAC as against Defendants on Plaintiff's Eighth Amendment claim only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 14, 2023

                                      DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE